# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DADE DIVISION
### www.flsb.uscourts.gov

In re:

JUAN AND MIRTHA MORALES,

      Debtor.

_____

SONEET R. KAPILA, Trustee in
Bankruptcy for Juan and Mirtha Morales,

      Plaintiff.

vs.

MERFE CONSTRUCTION CORP. a/k/a
MERFE CONSTRUCTION, INC.,

      Defendant.

_____/

Case No.: 16-26663-AJC
Chapter 7 proceeding


Adv.Proc.No. 18-01443-AJC

## TRUSTEE'S AMENDED COMPLAINT TO AVOID, RECOVER AND PRESERVE PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§547, 550, 551, FOR DECLARATORY RELIEF, TO SET ASIDE, AVOID AND RECOVER UNAUTHORIZED POST PETITION TRANSFER PURSUANT TO 11 U.S.C.§549 AND OBJECTION TO CLAIM

The Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, ("Plaintiff") by and through undersigned counsel, hereby sues the Defendant, Merfe Construction Corp. a/k/a Merfe Construction, Inc., ("Defendant") pursuant to Bankruptcy Rule 7001 and alleges:

      1.      This is an adversary proceeding brought by Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, seeking to avoid, recover and preserve preferential transfer pursuant to 11 U.S.C. §§547, 550, 551, for declaratory relief, to set aside, avoid and recover unauthorized post-petition transfer pursuant to 11 U.S.C. §549 as well as an objection to claim.

31517598

2.      This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §157 and 1334(b).

3.      This a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (B), (F), (K) and (O).

4.      This action was commenced by the filing of a voluntary Chapter 11 bankruptcy petition on December 17, 2016  for Juan and Mirtha Morales, ("Debtors"), Case No. 16-26663-AJC. The case converted to a Chapter 7 bankruptcy on May 11, 2018.

5.      The Plaintiff, Soneet R. Kapila, is the duly appointed and qualified Trustee in this Chapter 7 proceeding.

6.      The Debtors' amended Schedule A/B no. 19 lists 100% ownership interest in JC&C Investments, LLC ("JC&C") with a value listed in the amount of $300,000.00 [ECF No. 102].

7.      As of the date of the bankruptcy filing, the Debtor wife, Mirtha Morales, ("Ms. Morales") held a 100% membership interest in JC&C Investments, LLC ("JC&C").  JC&C's assets include the real property located at 158 West 10 Street, Hialeah, Florida ("Real Property") which the Trustee is of the opinion is worth at least $450,000.00, with no mortgage upon the Real Property and debts, if any, that are far less than the value of any assets held by JC&C, thus warranting administration by the Trustee.

8.      Merfe Construction Corp. a/k/a Merfe Construction, Inc. ("Merfe" or "Plaintiff") filed a lawsuit against Ms. Morales on December 2, 2008, case no. 08-40150-CA 04 in the 11th Circuit Court.  The Plaintiff's lawsuit sought an entry of a final summary judgment in favor of Merfe and against Ms. Morales for non-payment of a mortgage Ms. Morales had with Merfe.

9.      On March 10, 2009, JC&C filed its annual report with the Secretary of State where
31517598

the Debtor husband, Juan Morales, was added as a member/managing member.  JC&C had two (2) members at this time.

10.     The State Court entered a Final Judgment of Foreclosure on April 16, 2009 in favor of Merfe against Ms. Morales in the amount of $460,447.58, with a foreclosure sale date of August 26, 2009.

11.     On April 29, 2010, JC&C filed its annual report with the Secretary of State wherein Ms. Morales was deleted as a member of the LLC.  The only person appearing at that time as a member of JC&C was Mr. Morales as a member/managing member.

12.     On August 8, 2011, Mary Joseph Navarro executed a Quit Claim Deed to JC&C conveying the Real Property to JC&C.  The Quit Claim Deed was recorded on August 9, 2011.

13.     On August 28, 2011, the State Court entered a Final Deficiency Judgment ("Judgment") in favor of Merfe and against the Defendant, Mirtha Morales. A true and correct copy of which is attached hereto as Exhibit "1".   Merfe proceeded to register its Judgment with the Florida Secretary of State on September 29, 2011. A true and correct copy of such registration is attached hereto as Exhibit "2".

14.     On June 20, 2016, within the State Court, Merfe filed a Motion for Partial Summary Judgment as to Transfer to Juan Carlos Morales by Mirtha Morales of Her Membership Interests in JC&C Investments, LLC and to Foreclose.

15.     On June 27, 2016, Merfe reregistered its Judgment with the Florida Secretary of State, a true and correct copy of such registration is attached hereto as Exhibit "3".

16.     On a date just over thirty (30) days prior to the bankruptcy filing, and well within less than ninety (90) days of the bankruptcy filing, on November 15, 2016, the State Court entered its

31517598

Order on Merfe's Motion for Partial Summary Judgment as to Transfer to Juan Carlos Morales by Mirtha Morales of Her Membership Interests in JC&C Investments, LLC and to Foreclose ("Summary Judgment Order"). A true and correct copy of the Summary Judgment Order is attached hereto as Exhibit "4". The State Court found that the transfer of Ms. Morales' membership interest in JC&C Investments, LLC was void and that, as a result, Ms. Morales was the sole member of JC&C. Merfe's motion sought an entitlement to an order of foreclosure against JC&C, but the State Court denied that part of the motion without prejudice. Such order did not grant a charging order in favor of Merfe.

17.     To whatever extent the entry of the Summary Judgment Order perfects a lien upon Ms. Morales' ownership a/k/a membership interest within JC&C, such perfection could only have occurred on November 15, 2016 upon entry of the Summary Judgment Order. The Trustee is seeking to set aside, avoid and recover the transfer of any lien upon the Defendant's ownership a/k/a membership interest within JC&C Investments, LLC to Merfe Construction Corp. ("Transfer") which could only have been perfected upon entry of the Summary Judgment Order which was entered on November 15, 2016. Such perfection by virtue of the Transfer, if it occurred, was within ninety (90) days of the bankruptcy filing.

18.     After the bankruptcy filing and without having first obtained relief from the automatic stay, on November 22, 2017, Merfe obtained its *Order Granting Judgment Creditor's Merfe Construction Corp., Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, Mirtha Morales as to Impleader Defendant, JC&C Investments, LLC* ("Charging Order"), a true and correct copy of which is attached hereto as Exhibit "5".

19.     The entry of the Charging Order was obtained without the authority of the Bankruptcy

31517598

Court and is void as being in violation of the automatic stay.

20.    Pursuant to Florida Statute §605.0503, the only manner in which a judgment creditor may perfect a lien upon a judgment defendant's membership interest in a limited liability company is by obtaining a charging order. As of the date of the bankruptcy filing, Merfe had not obtained a charging order as against Ms. Morales' ownership a/k/a membership interest within JC&C, hence Merfe was not a secured creditor as against such property of the estate.

21.    Merfe filed a proof of claim no. 6 on April 12, 2017, and filed an amended proof of claim no. 6-2 in this case on June 4, 2018, claiming $360,000.00 as secured and $560,730.38 as unsecured. A true and correct copy of the amended proof of claim, without attachments, is attached hereto as Exhibit "6". Notwithstanding the provisions of Florida Statute §605.0503, the only way in which Merfe could be considered a secured creditor as of the bankruptcy filing date would be upon the entry of the Summary Judgment Order, which occurred within ninety (90) days of the bankruptcy filing. The perfection of such lien interest would be a preferential transfer as defined within 11 U.S.C. §547, subject to avoidance, recovery and preservation on behalf of the estate, resulting in the claim becoming an entirely unsecured claim.

22.    Pursuant to 11 U.S.C. § 101(32), Ms. Morales was insolvent at the time of the entry of the Summary Judgment Order, being the only possible event which could perfect the Judgment of Merfe, in that the sum of her debts were greater than all of her property.

23.    Pursuant to 11 U.S.C. §547(f) the Debtors are presumed to have been insolvent on and during the ninety (90) days immediately preceding the date of the filing of the petition in bankruptcy.

31517598

## COUNT I - PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

24.    The Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein.

25.    To whatever extent the entry of the Summary Judgment Order perfected a lien upon the Debtor's, and hence the estate's, ownership a/k/a membership interest within JC&C, the Plaintiff seeks to avoid and recover the preferential transfer of any perfection of lien caused by the Summary Judgment Order upon the Debtor's, and hence the estate's, ownership a/k/a membership interest within JC&C which was created within ninety (90) days of the Petition Date.

26.    Pursuant to 11 U.S.C. §101(32), Ms. Morales was insolvent at the time of any possible perfection of the Judgment upon any ownership a/k/a membership interest within JC&C, all of which occurred within ninety (90) days of the bankruptcy filing.

27.    Pursuant to 11 U.S.C. §547(b), the Trustee may avoid any transfer of an interest of the Debtor in property if such transfer:

(a)    was for the benefit of a creditor of the Debtor;

(b)    was for an antecedent debt allegedly owed by the Debtor before the transfer was made;

(c)    was made while the Debtor was insolvent;

(d)    was made within ninety (90) days; and

(e)    enabled the Defendant to receive more than they would have received if the transfer had not been made, and the Defendant received payment of their debt to the extent  provided by the provisions of Title 11 of the Bankruptcy Code.

28.    To whatever extent the Judgment became a perfected lien upon the Debtor's, hence the estate's, ownership a/k/a membership interest within JC&C pursuant to the entry of the Summary Judgment Order on November 15, 2016, such perfection in favor of Merfe, as a creditor, was for an

31517598

antecedent debt made within ninety (90) days of the bankruptcy filing at a time that Ms. Morales was, and is presumed to have been, insolvent, and, enabled the Defendant to receive more than they would have received if the transfer had not been made and the Defendant received payment of their debt to the extent provided by the provisions of Title 11 of the Bankruptcy Code. As a result, the Plaintiff is entitled to set aside, avoid and recover such lien pursuant to 11 U.S.C. §547(b) and 11 U.S.C. §550(a)(1). Thereafter, the Plaintiff is entitled to automatically preserve such avoided transfer for the benefit of the estate pursuant to 11 U.S.C.§551.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding the preferential transfer of the perfection of any lien of Merfe, including but not limited to, any lien interest obtained upon entry of the Summary Judgment Order, as against Ms. Morales', and hence the estate's, membership a/k/a ownership interest, within JC&C, and recovering such lien upon such ownership a/k/a membership interest in JC&C for the benefit of the estate, thus preserving same for the benefit of the estate pursuant to 11 U.S.C. §551, entering judgment against Merfe Construction Corp. a/k/a Merfe Construction, Inc. as set forth above granting all such relief, plus that the Court grant such other and further relief as the Court deems just and proper.

## COUNT II– ACTION FOR DECLARATORY RELIEF

29.    The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

30.    Pursuant to Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure, the Plaintiff seeks a declaratory judgment that the membership interest within JC&C is property of the estate pursuant to 11 U.S.C. § 541 free and clear of any claim of right, title, lien or interest of Merfe.

36764999

There is a present controversy between the Trustee and Merfe as to whether or not Merfe holds a lien interest upon the membership/ownership interest held by the estate in JC&C.

31.     The entry of the Charging Order occurred post petition without the authority of the Bankruptcy Court and without being authorized pursuant to any provision of the Bankruptcy Code. To whatever extent the Charging Order could perfect a lien interest upon JC&C such lien would have been obtained in violation of the automatic stay provisions of 11 U.S.C. § 362, including, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4). As a result, the Charging Order is void as a matter of law.

32.     The Trustee seeks a finding from this Court that that the entry of the post-petition Charging Order violates the automatic stay pursuant to including, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4), which renders it to be void as a matter of law. Accordingly, the Trustee seeks a finding by the Court that the Defendant does not hold any claim of right, title or lien as to any membership/ownership interest of the estate within JC&C.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan Carlos Morales and Mirtha Morales, respectfully requests that this Court enter judgment finding that the entry of the post-petition Charging Order violates the automatic stay pursuant to, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4), which renders it to be void as a matter of law. Accordingly, finding that the Defendant does not hold any claim of right, title, lien or interest as to any membership/ownership interest of the estate within JC&C, plus that the Court grant such other and further relief as this court deems just and proper.

## COUNT III– AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. §549

33.     The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

36764999

34.     This Count is pled in the alternative in the event that the Court does not find pursuant to the declaratory relief count of this complaint that the Charging Order is void as a matter of law as being in violation of the automatic stay provided by 11 U.S.C. §362.

35.     The Order Granting Judgment Creditor's Merfe Construction Corp., Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, Mirtha Morales as to Impleader Defendant, JC&C Investments, LLC was entered by the State Court on November 30, 2017 ("Charging Order"). Such date was after the filing of this bankruptcy proceeding.

36.     To the extent that the Charging Order was a transfer of an interest in property of the estate to the extent that it creates any lien interest in favor of the Defendant upon the membership/ownership interest held by the estate in JC&C, same was obtained without the authority of the Bankruptcy Court or any provision of the Bankruptcy Code, thus rendering such transfer subject to being set aside, avoided and recovered pursuant to 11 U.S.C. §549. Such transfer would be in violation of 11 U.S.C. §549 and would be recoverable pursuant to such statute and pursuant to 11 U.S.C. §550.

**WHEREFORE**, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan Carlos Morales and Mirtha Morales, by and through undersigned counsel, respectfully requests that to the extent the Court finds that the Charging Order created any lien interest in favor of the Defendant upon the membership/ownership interest held by the estate in JC&C, that the Court enter judgment setting aside, avoiding and recovering such unauthorized post-petition transfer pursuant to 11 U.S.C. §§549 and 550, and that the Court grant such other and further relief as the Court deems just and proper.

36764999

## COUNT IV - RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §550

37.    The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

38.    This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any preferential or unauthorized post petition transfer pursuant to a separately pled count, this count is being separately pled.

39.    Upon the Court setting aside and avoiding the Transfer referenced in the preceding counts, the Plaintiff seeks to recover such Transfer pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff, Soneet R. Kapila, as Trustee in Bankruptcy for Juan Morales and Mirtha Morales, by and through undersigned counsel, respectfully requests that the Court enter judgment that the Plaintiff is entitled to recover the Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(1) or alternatively, that the Court enter judgment finding that the perfection of any lien upon Ms. Morales', and hence the estate's, ownership a/k/a membership interest within in JC&C is recovered for the benefit of the estate such that the Plaintiff is entitled to recover the Transfer as referenced above pursuant to 11 U.S.C. §550(a)(2).

## COUNT II– ACTION FOR DECLARATORY RELIEF

40.    The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

41.    Pursuant to Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure, the Plaintiff seeks a declaratory judgment that the membership interest within JC&C is property of the estate pursuant to 11 U.S.C. § 541 free and clear of any claim of right, title, lien or interest of Merfe. There is a present controversy between the Trustee and Merfe as to whether or not Merfe holds a lien interest upon the membership/ownership interest held by the estate in JC&C.

36764999

42.     The entry of the Charging Order occurred post petition without the authority of the Bankruptcy Court and without being authorized pursuant to any provision of the Bankruptcy Code. To whatever extent the Charging Order could perfect a lien interest upon JC&C such lien would have been obtained in violation of the automatic stay provisions of 11 U.S.C. § 362, including, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4). As a result, the Charging Order is void as a matter of law.

43.     The Trustee seeks a finding from this Court that that the entry of the post-petition Charging Order violates the automatic stay pursuant to including, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4), which renders it to be void as a matter of law. Accordingly, the Trustee seeks a finding by the Court that the Defendant does not hold any claim of right, title or lien as to any membership/ownership interest of the estate within JC&C.

WHEREFORE, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan Carlos Morales and Mirtha Morales, respectfully requests that this Court enter judgment finding that the entry of the post-petition Charging Order violates the automatic stay pursuant to, but not limited to, 11 U.S.C. § 362(a)(2)(3) and (4), which renders it to be void as a matter of law. Accordingly, finding that the Defendant does not hold any claim of right, title, lien or interest as to any membership/ownership interest of the estate within JC&C, plus that the Court grant such other and further relief as this court deems just and proper.

## COUNT III– AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFER PURSUANT TO 11 U.S.C. §549

44.     The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

45.     This Count is pled in the alternative in the event that the Court does not find pursuant to the declaratory relief count of this complaint that the Charging Order is void as a matter of law as

36764999

being in violation of the automatic stay provided by 11 U.S.C. §362.

46.     The Order Granting Judgment Creditor's Merfe Construction Corp., Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, Mirtha Morales as to Impleader Defendant, JC&C Investments, LLC was entered by the State Court on November 30, 2017 ("Charging Order"). Such date was after the filing of this bankruptcy proceeding.

47.     To the extent that the Charging Order was a transfer of an interest in property of the estate to the extent that it creates any lien interest in favor of the Defendant upon the membership/ownership interest held by the estate in JC&C, same was obtained without the authority of the Bankruptcy Court or any provision of the Bankruptcy Code, thus rendering such transfer subject to being set aside, avoided and recovered pursuant to 11 U.S.C. §549. Such transfer would be in violation of 11 U.S.C. §549 and would be recoverable pursuant to such statute and pursuant to 11 U.S.C. §550.

**WHEREFORE**, the Plaintiff, Soneet R. Kapila, Trustee in Bankruptcy for Juan Carlos Morales and Mirtha Morales, by and through undersigned counsel, respectfully requests that to the extent the Court finds that the Charging Order created any lien interest in favor of the Defendant upon the membership/ownership interest held by the estate in JC&C, that the Court enter judgment setting aside, avoiding and recovering such unauthorized post-petition transfer pursuant to 11 U.S.C. §§549 and 550, and that the Court grant such other and further relief as the Court deems just and proper.

## COUNT IV - RECOVERY OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. §550

48.     The Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

36764999

49.    This count is pled as an effectuating count whereby to whatever extent the Court deems it necessary for the Plaintiff to specifically seek to recover any preferential or unauthorized post-petition transfer pursuant to a separately pled count, this count is being separately pled.

50.    Upon the Court setting aside and avoiding the Transfer referenced in the preceding counts, the Plaintiff seeks to recover such Transfer pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff, Soneet R. Kapila, as Trustee in Bankruptcy for Juan Morales and Mirtha Morales, by and through undersigned counsel, respectfully requests that the Court enter judgment that the Plaintiff is entitled to recover the Transfer from the Defendant pursuant to 11 U.S.C. §550(a)(1) or alternatively, that the Court enter judgment finding that the perfection of any lien upon Ms. Morales', and hence the estate's, ownership a/k/a membership interest within in JC&C is recovered for the benefit of the estate such that the Plaintiff is entitled to recover the Transfer as referenced above pursuant to 11 U.S.C. §550(a)(2).

## COUNT V-OBJECTION TO PROOF OF CLAIM

51.    The Plaintiff re-alleges paragraphs 1 through 23 as if fully set forth herein.

52.    This is an action objecting to Claim Number 6-2 filed by Merfe Construction Corp. in this Chapter 7 case pursuant to 11 U.S.C. §502(d) and Bankruptcy Rule 3007. A true and correct copy of the claim, without attachments, is attached hereto as Exhibit "6".

53.    A portion of the Merfe proof of claim is filed as secured in the amount of $360,000.00 and could only became secured either (a) upon the entry of the Summary Judgment Order, which could have caused the Judgment to attach to Ms. Morales', hence the estate's, ownership a/k/a membership interest within JC&C, which was a transfer of an interest in property of the Debtor to a creditor on behalf of an antecedent debt within ninety (90) days of the filing of the Petition and as

36764999

otherwise being a preferential transfer defined within 11 U.S.C. §547(b) which the Trustee has sought to set aside, avoid, recover and preserve for the benefit of the estate as sought within the preceding counts; or (b)  by virtue of the Charging Order, which was entered post petition in violation of the automatic stay, which would be void as a matter of law or alternatively, would be set aside pursuant to 11 U.S.C. §549.

54.    Based upon the avoidance, recovery and perfection of such lien or a finding of such lien being void as a matter of law or set aside and avoided as an unauthorized post petition transfer, pursuant to the previous counts of this Complaint, the Trustee objects to such claim as a secured claim. The Defendant should only be allowed an unsecured claim within this estate.

55.    The Trustee is also filing a Notice of Abandonment with the Court in regard to the estate's 31.579% ownership interest within a mortgage receivable with Centro Evangelico La Roca, Inc. being the mortgagor. The Trustee is seeking to abandon such property of the estate because of the equitable lien awarded to the Defendant pursuant to an order entered within the State Court on November 9, 2015, a copy of which is attached to the Defendant's aforementioned amended proof of claim. Upon such abandonment becoming final, the amount of the Defendant's unsecured claim should be reduced by the value listed in the amended proof of claim of $300,000.00.

56.    Pursuant to 11 U.S.C. §502(b) the Court shall disallow any claim of any entity from which property is recoverable under §§542, 543, 550, or 553 of title 11 or that is a transferee of a transfer avoidable under §§522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of title 11 unless such entity or transferee has paid the amount, or turned over an such property, for which such entity or transferee is liable under §§522(i), 542, 543, 550, or 553 of title 11. Upon the estate avoiding, recovering and preserving any lien of the Defendant, the Defendant should be disallowed any secured

36764999

claim within this estate and only allowed an unsecured claim for any unpaid amount of money due on its Judgment, with the Court reserving jurisdiction to adjudicate such amount based upon any pre or post petition proceedings brought by the Defendant to recover on its Judgment, or other means by which it may have recovered money on its Judgment, including a credit of $300,000.00 for its equitable lien.

57.     Accordingly, the Plaintiff objects to Merfe Construction Corp.'s claim and Regions Bank claim, seeks disallowing the claims as  secured claims and seeks an allowance of the claim in its entirety as unsecured claims, with the Court reserving jurisdiction to adjudicate such amount based upon any pre or post-petition proceedings brought by the Defendant to recover on its Judgment, or other means by which it may have recovered money on its Judgment or been entitled to pursue their equitable lien upon the Centro Evangelistico La Roca, Inc mortgage receivable in the amount of $300,000.00.

WHEREFORE, the Plaintiff, Soneet R. Kapila, as Trustee in Bankruptcy for Juan Morales and Mirtha Morales, by and through undersigned counsel, respectfully requests this Court to enter an order disallowing any secured claim of Merfe Construction Corp. a/k/a/ Merfe Construction, Inc. and allowing the claim as a general unsecured claim, with the Court reserving jurisdiction to adjudicate such amount based upon any pre or post-petition proceedings brought by the Defendants to recover on its Judgment, or other means by which it may have recovered money on its Judgment or been entitled to pursue their equitable lien upon the Centro Evangelistico La Roca, Inc mortgage receivable in the amount of $300,000.00, plus that the Court grant such other and further relief as the Court deems just and proper.

36764999

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the parties listed below via CM/ECF, and in the manner indicated on this 1st day of November 2018.

GREENSPOON MARDER LLP

_____
MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
Attorney for the Trustee
525 Okeechobee Blvd., Ste. 900
West Palm Beach FL 33401
(561) 838-4523
Michael.bakst@gmlaw.com

11012018/jdj
29684.0037

36764999

*3/16/2009*

*460, 447.55*

*FJUD5 1-3*

*SADE DAVIS*

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 08-40150 CA 04

MERFE CONSTRUCTION CORP.,

    Plaintiff,

*4/24/09*

**FORECLOSURE**

vs.

MIRTHA MORALES, GUILLERMO
PEREZ and EXTRAORDINARY HOMES
AT HORSE COUNTRY II, LLC,

    Defendants.

_____/

③

## FINAL JUDGMENT OF FORECLOSURE

THIS ACTION, having come before the Court upon Plaintiff Merfe Construction Corp.'s Motion for Partial Summary Judgment, and the Court, having reviewed the Court file, having heard argument of counsel, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Motion for Partial Summary Judgment is hereby GRANTED.

2.    Due and legal service of process has been effected on Defendants, Mirtha Morales ("Ms. Morales"), Guillermo Perez and Extraordinary Homes at Horse Country, II, LLC.  This Court has jurisdiction of the parties in this cause and its subject matter.  The allegations contained in the Complaint's Count I for foreclosure of note and mortgage have been proved by competent evidence, and the equities in this cause are with Plaintiff.

3.    There is due to the Plaintiff on the Note and Mortgage sued upon the following sums:

**EXHIBIT**

tabbies®

*1*

Case No. 08-40150 CA 04

| | |
|---|---|
| Principal due on the Note secured by the Mortgage | $416,000.00 |
| Interest from February 22, 2008 through April 16, 2009 | $38,639.92 |
| Late Fees | $266.66 |
| SUBTOTAL | $454,906.58 |
| Court Costs | $541.00 |
| Attorney's Fees | $5,000.00 |
| TOTAL DUE | $460,447.58 |

4.    Final Judgment of Foreclosure is hereby entered in favor of Plaintiff Merfe Construction Corp. and against Defendant Mirtha Morales (the "Judgment Debtor") in the total amount of $ _460,447.58_, as set forth in paragraph 3 above ("Total Sum Due"), for which let execution issue forthwith.  The Total Sum Due  shall bear interest from this date forward at the prevailing legal rate of interest of eight percent (8%) until paid.

5.    Plaintiff holds a lien for the Total Sum Due prior, paramount and superior to any right, title, interest, claim or estate of the Defendants, or any of them, in and to the following property located in Miami-Dade County, Florida:

> The Northeast ¼ of the Southeast ¼ of the Southeast ¼ of the Southeast ¼ of Section 25, Township 54 South, Range 39 East, lying and being in Miami-Dade County, Florida.

> Parcel Identification Number: 3049250000700,

which has the address of 7000 S.W. 122nd Avenue, Miami, Florida 33183.

6.    If the Total Sum Due, with interest at the rate prescribed by law, and all costs of this action accruing subsequent to this judgment are not paid, the Clerk of this Court shall sell the property at public sale, on _August 26_ , 2009 at 11:00 a.m., to the highest bidder or bidders for cash, except as set forth hereinafter, at Mortgage Foreclosure Sales, 140 OMP West Flagler Street, Room 1502, Miami, Florida 33130, in accordance with § 45.031, Florida Statutes, except the Clerk shall not conduct the sale unless Plaintiff or its representative is

2

Case No. 08-40150 CA 04

present to bid at the sale. Furthermore, Plaintiff may cancel the sale on notice to the Clerk and without order of the Court.

7.     Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum due hereunder with interest and costs accruing subsequent to this Final Judgment or such part of it as is necessary to pay the bid in full.

8.     On filing of the Certificate of Sale, Mr. Morales's right of redemption, as proscribed by § 45.0315, Florida Statutes, shall be terminated.

9.     After confirmation of the sale, whether confirmation be by the Clerk's filing the Certificate of Title or by order of this Court ruling upon objections to the sale, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, except as provided in paragraph 11, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff plus interest at the rate prescribed by law from this date to the date of the foreclosure sale; and by retaining any amount remaining for sixty (60) days, pending the further order of this Court.

10.     If, subsequent to the date of Plaintiff's affidavit of indebtedness and prior to the sale contemplated herein, Plaintiff shall be required to advance any monies to protect its mortgage lien and/or security interest, then upon motion and order from the Court, the amount found due to Plaintiff shall be increased by the amount of such advances.

11.     Should the property be sold at the Clerk's sale to a third party bidder, the costs of the documentary stamps affixed to the Certificate of Title shall be paid by the prevailing third party bidder.

3

Bk 26833 Pg 3578 CFN 20090283219 04/20/2009 09:35:53 Pg 3 of 5 Mia-Dade Cty, FL

Case No. 08-40150 CA 04

12. After confirmation of the sale, whether confirmation be by the Clerk's filing the Certificate of Title or by order of this Court ruling upon objections to the sale, Defendants and all persons claiming by, through, under or against them since the filing of the Notice of *Lis Pendens* herein, shall be forever foreclosed of all right, title, interest, estate or claim in the property being sold and the purchaser at the sale shall be let into possession thereof forthwith.

13. That immediately after the confirmation of the sale, whether confirmation be made by the Clerk's issuance of the Certificate of Title or by order of this Court ruling upon any objections to the sale, the Clerk shall, at the request of Plaintiff, immediately issue a writ of possession.

14. The Court finds that the number of hours expended and the hourly rate charged by Plaintiff's counsel, as set forth in Plaintiff's Affidavit of Costs and Attorneys' Fees and in paragraph 4 above, are reasonable. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).

15. The last known addresses of the parties are as follows:

**Plaintiff:**

**MERFE CONSTRUCTION CORP.**
4951 S.W. 132nd Avenue
Miami, Florida 33175
and
c/o Harold E. Patricoff, Esquire
SHUTTS & BOWEN LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131

4

Case No. 08-40150 CA 04

## Defendant:

**MIRTHA MORALES**
680 West 15th Street
Hialeah, Florida 33010

16.    Jurisdiction of this action is retained to enter further orders as are appropriate,
including, without limitation, deficiency judgments and/or writs of possession.

### NOTICE PURSUANT TO FLORIDA STATUTES § 45.031

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on April 18,
2009.

THE HONORABLE GERALD D. HUBBART
CIRCUIT JUDGE

GERALD D. HUBBART
CIRCUIT JUDGE

*Copies furnished to:*

*Harold E. Patricoff, Esq.*
Shutts & Bowen LLP
Attorney for Plaintiff
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
MIADOCS 3463917 1

*Samuel "Clay" Reiner II, Esq.*
Reiner & Reiner, P.A.
Attorney for Defendants
9100 South Dadeland Boulevard
Suite 901
Miami, Florida 33156

5

Bk 26833 Pg 3580 CFN 20090283219 04/20/2009 09:35:53 Pg 5 of 5 Mia-Dade Cty, FL

## JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION
IS SUBMITTED IN ACCORDANCE WITH s. 55.203, FLORIDA STATUTES.

**DO NOT PHOTOCOPY THIS FORM PRIOR TO USE.
BAR CODE MUST BE LEGIBLE.**

1. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF AN INDIVIDUAL, IS:

   Morales — Mirtha

   LAST NAME — FIRST NAME — M.I.

   680 West 15 St

   MAILING ADDRESS

   Hialeah — Florida — 33010

   CITY — ST — ZIP

2. ADDITIONAL JUDGMENT DEBTOR, IF AN INDIVIDUAL, IS:

   LAST NAME — FIRST NAME — M.I.

   MAILING ADDRESS

   CITY — ST — ZIP

3. JUDGMENT DEBTOR (DEFENDANT) NAME AS SHOWN ON JUDGMENT, IF A BUSINESS ENTITY, IS:

   BUSINESS ENTITY NAME

   MAILING ADDRESS

   CITY — ST — ZIP

4. FEDERAL EMPLOYER IDENTIFICATION NUMBER:

5. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☐

6. JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT OR CURRENT OWNER OF JUDGMENT,
   IF ASSIGNED:

   Merfe Construction Corp

   CREDITOR NAME (S)

   4951 SW 132 Ave

   MAILING ADDRESS

   Miami — Florida — 33175

   CITY — ST — ZIP

7. DEPARTMENT OF STATE DOCUMENT FILE NUMBER:

   PLEASE CHECK BOX IF DOCUMENT NUMBER IS NOT APPLICABLE ☑

8. OWNER'S ATTORNEY OR AUTHORIZED REPRESENTATIVE: (ACKNOWLEDGMENT OF FILING WILL BE SENT
   TO THIS ADDRESS)

   Harold E. Patricoff

   NAME

   Shutts & Bowen 201 Biscayne Blvd #1500

   Miami — Florida — 33131

   CITY — ST — ZIP

9. AMOUNT DUE ON MONEY JUDGMENT: **$460,477.58**

10. APPLICABLE STATUTORY INTEREST RATE: **6%**

**J11000645882
FILED
Sep 29, 2011 08:00 A.M.
Secretary of State**
MSOLOMON

J11000645882
09/29/11--01033--004  **$30.00

THIS SPACE FOR USE BY FILING OFFICE

11. NAME OF COURT:

    Circuit Court of the 11th Judicial Circuit

    and for Miami Dade County, Florida

12. CASE NUMBER:

    08-40150 CA 04

13. DATE OF ENTRY:  8   29   2011
                   MONTH  DAY  YEAR

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with any Department of State; and, (4) I have complied with all applicable laws in submitting this Judgment Lien Certificate for filing.

_____          _____
SIGNATURE OF CREDITOR OR AUTHORIZED REPRESENTATIVE          Harold Patricoff   PRINT NAME

**NON-REFUNDABLE PROCESSING FEE:**

JUDGMENT LIEN WITH ONE DEBTOR  $20.00          EACH ADDITIONAL DEBTOR  $5.00
EACH ATTACHED PAGE, IF NECESSARY  $5.00

**CERTIFIED COPY REQUESTED**  $10.00  ☑

Division of Corporations • P.O. Box 6250 • Tallahassee, Fl 32314 • 850-245-6011
Make Checks Payable to: Florida Department of State

CR2E091 (04/08)

**EXHIBIT**

2

**EXHIBIT "2"**

# ELECTRONIC SECOND JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A SECOND JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.204, FLORIDA STATUTES. THIS SECOND JUDGMENT LIEN IS A NEW LIEN AND NOT A CONTINUATION OF THE ORIGINAL LIEN.

**FILE NUMBER ASSIGNED TO THE RECORD OF THE ORIGINAL JUDGMENT LIEN CERTIFICATE: J11000645882**
**DATE FILED WITH DEPARTMENT OF STATE: 09/29/11**
**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

> MORALES, MIRTHA
> 680 WEST 15 STREET
> HIALEAH, FL. 33010

**J16000386098**
**FILED**
**Jun 27, 2016 02:02 P.M.**
**Secretary of State**
PYARBOR

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

> MERFE CONSTRUCTION CORP
> 4951 SW 132 AVENUE
> MIAMI, FLORIDA 33175
> DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

> MICHAEL GARCIA PETIT, ESQ.
> MICHAEL@MICHAELGARCIAPETITPA.COM

MONEY AMOUNT REMAINING UNPAID: 460,477.58
INTEREST RATE: 6.00%
INTEREST ACCRUED AMOUNT: 52575.35
NAME OF COURT: 11TH JUDICIAL CIRCUIT
CASE NUMBER: 08-40150 CA 04
DATE OF ENTRY: 08/29/11

**UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have complied with all applicable laws in submitting this Electronic Second Judgment Lien Certificate for filing.**

Electronic Signature of Creditor or Authorized Representative: MICHAEL GARCIA PETIT



EXHIBIT
3

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**MERFE CONSTRUCTION CORP.,**

        Plaintiff,

vs.

**MIRTHA MORALES, GUILLERMO PEREZ, and EXTRAORDINARY HOMES AT HORSE COUNTRY II, LLC,**

        Defendants.

_____/

**MERFE CONSTRUCTION CORP.,**

        Plaintiff/Judgment Creditor,

vs.

**MIRTHA MORALES,**

        Defendant/Judgment Debtor,

and

**JUAN CARLOS MORALES,**
**JUAN CARLOS MORALES, JR.,**
**CHRISTINA MORALES,**
**CENTRO EVANGELISTICO LA ROCA, INC.,**
**SANCHEZ INVESTORS, LLC,**
*aka* **SANCHEZ AND SON, INC.,** *a/k/a*
**SANCHEZ AND SON INVESTMENT,**
**MARGAB INVESTORS, INC.**
**JOSEFA RODRIGUEZ,**
**JOSE RAUL PERUYERA AND GLORIA PERUYERA,**
**GROUP INVESTORS, LLC,**
**GROUP LENDERS, LLC, and**
**JC & C INVESTMENTS, LLC,**

        Impleader Defendants.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.: 08-40150 CA 04

**ORDER ON JUDGMENT CREDITOR'S, MERFE CONSTRUCTION CORP., MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRANSFER TO JUAN CARLOS MORALES BY JUDGMENT DEBTOR, MIRTHA MORALES, OF HER <u>MEMBERSHIP INTERESTS IN JC & C INVESTMENTS, LLC AND TO FORECLOSE</u>**



THIS CAUSE came on to be considered in chambers on November 10, 2016 on Plaintiff/Judgment Creditor's, MERFE CONSTRUCTION CORP. (hereinafter referred to as the Plaintiff), Motion for Partial Summary Judgment as to the Transfer of the Judgment Debtor's, MIRTHA MORALES (hereinafter referred to by proper name),  Membership Interests in JC & C INVESTMENTS, LLC, to the Impleader Defendant, JUAN CARLOS MORALES (hereinafter referred to by proper name). Plaintiff seeks to void the transfer of said membership interest pursuant to Fla. Stat., §56.29.   Plaintiff also is moving to Foreclose upon JC  & C INVESTMENTS, LLC, a single member LLC, pursuant to Fla. Stat., §605.0503(3)-(5). This Court has reviewed the Plaintiff's motion along with all record evidence submitted by the parties, heard argument of counsel, and has otherwise fully advised in all matters presented in this cause.

Under Fla. Stat., §56.29(3)(a), if the Defendant/Judgment Creditor, MIRTHA MORALES, held title to personal property within one year before service of process upon her in this case, but  her spouse, relative, or any other person on confidential terms with her claims title or a right of possession to the property, she has the burden of proof to establish that the transfer to the recipient was not made to delay, hinder, or defraud creditors. If the court finds that the transfer was made to delay, hinder, or defraud Plaintiff as her creditor, the court shall order the transfer to be void and direct the sheriff to take the property to satisfy the execution. Fla. Stat., §56.29(3)(b).

As to that part of Plaintiff's motion which seeks to void the transfer of MIRTHA MORALES' membership interests in JC & C INVESTMENTS, LLC to JUAN CARLOS MORALES, the record evidence submitted establishes that she was the sole member of JC & C INVESTMENTS, LLC, within one year of her being served with process in this cause.  The

transfers all took place after the lawsuit was filed on July 14, 2008. On March 10, 2009, her husband, JUAN CARLOS MORALES, was added as a member of J C & C INVESTMENTS, LLC. Subsequently, on April 29, 2010, MIRTHA MORALES was deleted as a member of JC & C INVESTMENTS, LLC. This left her husband, JUAN CARLOS MORALES, as the sole remaining member of JC & C INVESTMENTS, LLC. The Final Deficiency Judgment entered on August 28, 2011 remains unsatisfied.

In situations like this one, the presumption in §56.29(3)(a) is that transfer to a spouse or other insider should be voided unless MIRTHA MORALES can prove that she did not make the transfer to delay, hinder, or defraud Plaintiff, her creditor. MIRTHA MORALES has failed to present any record evidence which would satisfy her burden of proof in this regard. As a result, this Court finds that the transfer, gift assignment or other conveyance of the Judgment Debtor's, MIRTHA MORALES, membership interest in JC & C INVESTMENTS, LLC to her husband, JUAN CARLOS MORALES, as well as her deletion as a member of JC & C INVESTMENTS, LLC, was made or contrived by the Judgment Debtor MIRTHA MORALES, to delay, hinder, or defraud the Plaintiff, her creditor. It is therefor

ORDERED AND ADJUDGED that that portion of Plaintiff's motion which seeks to void the transfer of the Judgment Creditor's, MIRTHA MORALES, membership interests in JC & C INVESTMENTS, LLC to JUAN CARLOS MORALES, as well as her deletion as a member of JC & C INVESTMENTS, LLC, is GRANTED. The transfer of any membership interest from MIRTHA MORALES to JUAN CARLOS MORALES, and the deletion of her membership interests in JC & C INVESTMENTS, LLC are void, pursuant to Fla. Stat., §56.29(3)(b). MIRTHA MORALES is once again the sole member of JC & C INVESTMENTS, LLC.

As to the second part of Plaintiff's motion, it contends that because MIRTHA MORALES is the sole member of JC & C INVESTMENTS, LLC, that it is entitled to an order of foreclosure against JC & C INVESTMENTS, LLC, pursuant to Fla. Stat., §605.0503(4)-(5). In addition or in the alternative, Plaintiff seeks entry of a Charging Order pursuant to Fla. Stat., §605.0503(3), which would constitute a lien against the distribution of MIRTHA MORALES' transferable interests, or other transferee, by JC & C INVESTMENTS, LLC, pursuant to Fla. Stat., §605.0503(1).

This part of Plaintiff's motion is DENIED WITHOUT PREJUDICE. Plaintiff may subsequently move for a Charging Order and/or foreclose against JC & C INVESTMENTS, LLC, upon setting forth the dates and amounts of all staggered payments it has received from third party, Centro Evangelistico La Roca, Inc., or on its behalf, which would be offset against the amount of the Final Deficiency Judgment and interest accumulated thereon.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 11/15/16.

BRONWYN C. MILLER
CIRCUIT COURT JUDGE

> **No Further Judicial Action Required on THIS MOTION**
> **CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the

accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

cc:     Michael Garcia Petit, Esq.
        Samuel B. Reiner, II, Esq.
        Thomas Payne, Esq.
        Renato Perez, Esq.
        Centro Evangelistico La Roca, Inc., via U.S. Mail
        Josefa Rodriguez, via U.S. Mail
        Margab Investors, Inc., via U.S. Mail

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  08-40150 CA 04

**MERFE CONSTRUCTION CORP.,**

　　　　Plaintiff,

vs.

**MIRTHA MORALES, GUILLERMO
PEREZ, and EXTRAORDINARY HOMES
AT HORSE COUNTRY II, LLC,**

　　　　Defendants.

_____/

**MERFE CONSTRUCTION CORP.,**

　　　　Plaintiff/Judgment Creditor,

vs.

**MIRTHA MORALES,**

　　　　Defendant/Judgment Debtor,

and

**JUAN CARLOS MORALES,
JUAN CARLOS MORALES, JR.,
CHRISTINA MORALES,
CENTRO EVANGELISTICO LA ROCA, INC.,
SANCHEZ INVESTORS, LLC,**
*aka* **SANCHEZ AND SON, INC.,** *a/k/a*
**SANCHEZ AND SON INVESTMENT,
MARGAB INVESTORS, INC.
JOSEFA RODRIGUEZ,
JOSE RAUL PERUYERA AND GLORIA
PERUYERA,
GROUP INVESTORS, LLC,
GROUP LENDERS, LLC, and
JC  & C INVESTMENTS, LLC,**

　　　　Impleader Defendants.

_____/

FILED FOR RECORD
2017 NOV 30  PM 3: 40

**ORDER GRANTING JUDGMENT CREDITOR'S, MERFE CONSTRUCTION CORP.,
MOTION FOR CHARGING ORDER AND ORDER OF FORECLOSURE SALE OF
SOLE MEMBERSHIP INTEREST OF JUDGMENT DEBTOR, MIRTHA MORALES AS
TO IMPLEADER DEFENDANT, JC & C INVESTMENTS, LLC**

Page 1 of  5



EXHIBIT
5

THIS CAUSE came on to be considered in chambers on November 22, 2017 on Plaintiff/Judgment Creditor's, MERFE CONSTRUCTION CORP. (hereinafter referred to as the Plaintiff), Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, MIRTHA MORALES ("Ms. Morales"), as to Impleader Defendant, JC & C INVESTMENTS, LLC ("JC & C"), pursuant to Fla. Stat., §605.0503. This Court has reviewed the Plaintiff's motion, the Final Deficiency Judgment, orders on summary judgment, heard argument of counsel, and has otherwise been fully advised in all matters in this cause. The Court finds as follows:

1.    On August 29, 2011, this Court entered a Final Deficiency Judgment against Defendant MIRTHA MORALES ("Ms. MORALES") in the amount of $460,477.58, with interest at the statutory interest thereon, and in favor of Plaintiff. The judgment has become final, and has not been satisfied. The entire principal of the judgment remains outstanding. To date, Plaintiff has received a total of $60,002 in staggered payments from Impleader Defendant, CENTRO EVANGELISTICO LA ROCA, INC. ("the Church'), which have been applied to the judgment interest.

2.    On November 10, 2016, this Court granted Plaintiff's Motion for Partial Summary Judgment as to the Transfer by Judgment Debtor, Ms. MORALES, of her Membership Interest in JC & C, to Juan Carlos Morales, her husband, pursuant to Fla. Stat., §56.29, thereby restoring Ms. MORALES as the sole member of JC & C.

3.    As of November 22, 2017, the amount due on the judgment, including principal, interest calculated pursuant to Fla. Stat., §55.03, with credit for the staggered payments made by the Church, is $539,403.46.

4.    Pursuant to Fla. Stat., §605.0501, a LLC member's "transferrable interest" in a

Page 2 of 5

limited liability company is deemed "personal property." See *Olmstead v. F.T.C.*, 44 So. 3d 76, 80 (Fla. 2010)("An LLC is a type of corporate entity, and an ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock.'). An LLC member's "transferrable interest" includes any distribution to be paid to the judgment debtor. Fla. Stat., §605.0503(1).

     5.    Plaintiff seeks seeks entry of a charging order against Ms. MORALES' membership interest in JC & C, pursuant to Fla. Stat., §605.0503(1), which authorizes this Court, on application by a judgment creditor of a member or a transferee of a limited liability company, such as JC & C, to enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest.

     6.    Plaintiff is entitled as a matter of law to a Charging Order against any interest Ms. Morales may have in any limited liability company which she may be a member of. She is a member of JC & C.

     7.    In addition to the above, Plaintiff also seeks entry of an order authorizing a foreclosure sale of JC & C pursuant to *Olmstead v. Federal Trade Commission*, 44 So.3d 76 (Fla. 2010), and Fla. Stat., §605.0503(3)-(5).

     8.    The Court finds that Ms. MORALES has also been unable to satisfy the Final Deficiency Judgment. Over eight (8) years has passed since the Final Deficiency Judgment was entered.

     9.    This Court has previously set aside the transfer of Ms. Morales' membership interests in JC & C to her husband, Juan Carlos Morales, and restored Ms. MORALES as sole member of JC & C. In that JC & C is a single member limited liability company, and Ms. MORALES is its sole member, Plaintiff is entitled as a matter of law to an Order authorizing a Foreclosure Sale of JC & C. Fla. Stat., §605.0503(3)-(5).

10.    The Court finds that the Plaintiff, as judgment creditor,  has established, and otherwise made the showing  required by §605.0503(4), that any distributions from any charging order entered herein will be insufficient to satisfy the aforementioned Final Deficiency Judgment and interest incurred thereon, within a reasonable time.

The Court hereby entered the following ORDER:

1.    Plaintiff's Motion for Charging Order is hereby GRANTED.

2.    This Charging Order is entered in favor of the Plaintiff and Judgment Creditor, MERFE, against  the transferable interest of the Judgment Debtor, Ms. MORALES, who is also the sole member of JC & C INVESTMENTS, LLC ("JC & C"), or other transferee, for payment of the unsatisfied amount of the Final Deficiency Judgment entered against Ms. MORALES in this cause, with interest.  Fla. Stat., §605.0503(1).

3.    Ms. MORALES' interest as a member in JC & C is hereby subjected to an encumbrance, lien and charging order, in favor of and for the benefit of Plaintiff. Except as provided in Fla. Stat., §605.0503(5), this charging order shall constitute a lien against the distribution of Ms. MORALES/Judgment Debtor's transferable interests, or other transferee, by JC & C INVESTMENTS, LLC.  Fla. Stat., §605.0503(1).

4.    That JC & C INVESTMENTS, LLC is required to pay over to MERFE/Judgment Creditor, any distribution that would otherwise be paid to Ms. MORALES/Judgment Debtor. Fla. Stat., §605.0503(1).

5.    Within 30 days from the date of this Order, Ms. MORALES shall file with the clerk a sworn answer reporting all amounts distributable or payable to her at the time of service of this order and at all subsequent times attributable to any interest she has in JC & C.  In her sworn answer, Ms. MORALES shall state the value, at the time of service of this order and all subsequent times, of both the capital and income accounts attributable to the interest of Ms. MORALES in JC & C.

JC & C is a party to these Proceedings Supplementary.

6.    The Court further ORDERS the foreclosure sale of Ms. MORALES' sole membership interest in JC & C, pursuant to Fla. Stat., §605.0503(4)-(5).  The purchaser at the foreclosure sale shall obtain Ms. MORALES' entire interest in JC & C INVESTMENTS, LLC, and not merely the rights of a transferee. Per statute, the purchaser at the foreclosure sale shall become the member of the JC & C INVESTMENTS, LLC, and Ms. MORALES/judgment debtor shall cease being a member thereof.  The proceeds from the sale would go to satisfy the unpaid judgment.  JC & C and Ms. MORALES shall be credited for any monies paid to Plaintiff pursuant to the Charging Order.

7.    This Court reserves jurisdiction to enter all further orders as may be necessary to effectuate both the Charging Order and Order of Foreclosure of JC & C Investments, LLC, including appointment of a receiver.

IT IS SO ORDERED in Miami, Florida on this 22 day of November, 2017.

8. THAT THE AFOREMENTIONED FORECLOSURE SALE SHALL BE JANUARY 23, 2018.

BRONWYN MILLER
Circuit Court Judge

cc:    Michael Garcia Petit, Esq.
       Samuel C. Reiner, Esq.
       Mirtha Morales, hand delivery to counsel
       Juan Carlos Morales, hand delivery to counsel
       JC & C Investments, hand delivery to counsel
       Thomas Payne, Esq.
       Centro Evangelistico La Roca, Inc., via U.S. Mail
       Josefa Rodriguez, via U.S. Mail
       Margab Investors, Inc., via U.S. Mail

**Fill in this information to identify the case:**

Debtor 1    JUAN CARLOS MORALES

Debtor 2    MIRTHA MORALES
(Spouse, if filing)

United States Bankruptcy Court for the:    Southern District of Florida

Case number    16-26663-AJC

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Merfe Construction Corp.<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor  Merfe Construction, Inc. |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Law Office of Michael Garcia Petit, P.A.<br>Name<br><br>14100 Pammetto Frontage Road #106<br>Number          Street<br><br>Miami Lakes          FL          33016<br>City                      State          ZIP Code<br><br>Contact phone 786-245-7750<br><br>Contact email michael@michaelgarciapetitpa.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number          Street<br><br>City                      State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☐ No<br>☑ Yes.  Claim number on court claims registry (if known) 6 _____   Filed on 04/12/2017<br>                                                                                                    MM  / DD  / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                    Proof of Claim

**EXHIBIT**

**6**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**  $ _____920,730.38___  Does this amount include interest or other charges?

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Final Deficiency Judgment; Case No. 08-40150CA04; Miami-Dade

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   Lien on Personal Property

**Basis for perfection:**   Judgment Lien Certificate No. J6000386098, refiled 6/27/16

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ ___360,000.00___

Amount of the claim that is secured:  $ ___360,000.00___

Amount of the claim that is unsecured: $ ___560,730.38___ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ _____

Annual Interest Rate (when case was filed) __4.91__ %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

☑ No

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. Check one:

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/04/2018
                   MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Michael Garcia Petit |
| | First name          Middle name                    Last name |
| Title | Attorney and Authorized Agent |
| Company | Law Office of Michael Garcia Petit, P.A. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 14100 Palmetto Frontage Road #106 |
| | Number          Street |
| | Miami Lakes                          FL          33016 |
| | City                                State      ZIP Code |
| Contact phone | 786-245-7750 |
| | Email  michael@michaelgarciapetitpa.com |

Debtors: Juan Carlos Morales and Mirtha Morales                    Secured Claim

## ADDENDUM TO AMENDED PROOF OF CLAIM

Mirta Morales ("the Debtor" or Ms. Morales) is indebted to Merfe Construction Corp. ("Merfe") in an amount no less than **$920,730.38** as of the date the Court entered its order converting the Debtor's Chapter 11 proceeding to Chapter 7.  The Debtor is the Judgment Debtor arising from a Final Deficiency Judgment of the Circuit Court in and for Miami-Dade County, Florida, entered on August 22, 2011 in the case of *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04, in favor of Judgment Creditor, Merfe, in the amount of $460,477.58. A true and correct copy of the Final Deficiency Judgment is attached as **Exhibit 1**. The Deficiency Judgment reserved jurisdiction to conduct proceedings supplementary, and award Merfe additional fees and expenses it is entitled to. **Exhibit 1**, at page 3, ¶10. The Deficiency Judgment is a final judgment. The Debtor did not post a supersedeas bond.

On September 29, 2011, Merfe filed a Judgment Lien Certificate with the Secretary of State, pursuant to Fla. Stat., §§55.202-203 against the Debtor (No. J11000645882). On June 27, 2016, Merfe filed its second judgment lien (No. J16000386098), reflecting outstanding interest in the amount of $52,575.58, which included credits for staggered payments received by Merfe prior thereto. The total principal and accrued interest due on June 27, 2016 was $513,053.16.  A true and correct copy of the Judgment Lien Certificates are attached as Composite **Exhibit 2**.

In Florida, a judgment lien is acquired by filing a judgment lien certificate, Fla. Stat., §55.202(2), and makes  Merfe  a secured creditor in respect to the Debtor's personal property—other than fixtures, money, negotiable instruments, and mortgages. Fla. Stat., §55.202. See also *In re Broward Kitchens & Baths, Inc.*, 429 B.R. 350, 352  (Bankr. S.D. Fla. 2010).

On March 25, 2013, the Honorable Beth Bloom, then presiding circuit court judge, entered an Order granting Merfe's Motion for Proceedings Supplementary in Case No. 08-40150 CA 04. The Proceedings Supplementary were litigated through date of filing of the original Chapter 11 petition, during which the Honorable Brownyn Miller, presiding judge, entered two orders relating to Debtor's concealment or transfer of assets as to two distinct items of personal property, thereby hindering or delaying Merfe from executing on the deficiency judgment.

The first order was entered on Merfe's Motion for Partial Summary Judgment, where the circuit court set aside a "Satisfaction of Mortgage" executed by Ms. Morales, dated March 4, 2010 (after Ms. Morales defaulted on a note which led to the filing of the original complaint and  deficiency judgment), but not recorded until June 10, 2011. The Satisfaction of Mortgage related to cancellation of a 31.79% ($300,000) interest in a balloon mortgage and note totaling $950,000 (signed by Centro Evangelistico La Roca, Inc., as mortgagor ("the Church")), assigned to the Debtor in 2007 by Group Investors, LLC, an entity owned by the Debtor's brother, Guillermo Perez, Esq. Merfe contended that the satisfaction, which represented that the Church paid the Debtor all principal and interest owed thereon in full, was made or contrived by the Debtor to delay, hinder, or defraud Merfe from

-1-

garnishing or levying upon the monthly interest payments and/or principal she was due from the mortgagor. Evidence revealed the notary's commission stamp was not issued until October 24, 2010, seven months after the purported execution date, confirming the satisfaction filed in the Official Records of Miami-Dade County had been backdated.

On October 8, 2015, Judge Miller rescinded the Satisfaction of Mortgage, reinstated the partial assignment of $300,000 to Ms. Morales, *nunc pro tunc* to the date the satisfaction was recorded, and held the partial assignment of mortgage was valid and enforceable. [**Exhibit 3** at page 3]. Judge Miller also ruled Merfe was entitled an equitable lien up to Ms. Morales' 31.579% interest ($300,000) in the Church mortgage. [**Exhibit 3** at page 4].

The second Order entered on November 15, 2016 was on Merfe's second Motion for Partial Summary Judgment, **Exhibit 4**, which sought to void the transfer of the Debtor's single-membership interest in JC & C Investments, LLC, to her husband, co-Debtor, Juan Carlos Morales, as well as the deletion of Debtor as a member of JC & C Investments, LLC. Merfe sought to restore the Debtor as sole member of JC & C Investments, LLC pursuant to Fla. Stat., §56.29. See e.g., *Sebring Co. v. O'Rourke*, 101 Fla. 885, 134 So. 556, 559 (1931)("legal title to property involved in a fraudulent conveyance, so far as the judgment creditor is concerned, may never pass from the grantor....").  The circuit court judge ruled the transfer of the Debtor's membership interests to Juan Carlos Morales, and her deletion as a member of JC & C Investments to be void. As a result, JC & C Investments, LLC, is a single-member LLC, and the Debtor is its only member. [**Exhibit 4** at page 3].

On November 15, 2016, Merfe filed its Motion for Order of Foreclosure Sale of the Debtor's Membership Interest in JC & C Investments, LLC, pursuant to Fla. Stat., §605.0501. JC & C Investments, LLC is the owner of real property located at 158 West 10 Street, Hialeah, Florida. In that JC & C Investments, LLC is a single member LLC, and since the Debtor its sole member, her membership interest can be foreclosed upon. Fla. Stat., §605.0503(4). See also *Olmstead v. F.T.C.*, 44 So. 3d 76, 79 (Fla. 2010)(holding that a judgment creditor is entitled to an order forcing a judgment debtor to surrender all right, title and interest in the debtor's single-member LLC); *In re Davis Heritage Gp Holdings LLC*, 443 B.R. 448, 458 (Bankr. N.D. Fla. 2011)(same).

Merfe noticed its Motion for Order of Foreclosure Sale for December 19, 2016. On December 19, 2016, the hearing on foreclosure motion was cancelled due to the Debtors filing their initial Chapter 11 petition on December 17, 2017. But for the automatic stay of §362(a) of the Bankruptcy Code, Merfe had a right to collect on the Deficiency Judgment and foreclose on the Debtor's membership interest in JC & C Investments, LLC.

On March 20, 2017, Merfe filed an adversary proceeding against Mr. and Ms. Morales, *Merfe Construction Corp. v. Juan C. Morales and Mirtha Morales, d/b/a J.C. & C. ALF, LLC*, Adversary Case No. 17-01120-AJC. On October 2, 2017, the Honorable A. Jay Cristol, Judge of the United States Bankruptcy Court, granted Merfe's Motion for Final Summary Judgment, and also entered Final Judgment against Mr. Morales and Ms. Morales, *d/b/a* J.C. & C. ALF, LLC, as to all counts

-2-

of the Adversary Complaint denying the Debtor a discharge pursuant to 11 U.S.C. §§ 727(a) (2)(A), 727(a) (4) (A), 727(a) (5), and 727(a) (7), as to the Deficiency Final Judgment in Case No. 08-40150 CA 04.

On November 22, 2017, after the stay in the proceedings supplementary was lifted, the presiding circuit court judge in Case No. 08-40150 CA04 entered an Order allowing Merfe to foreclose upon Ms. Morales' membership interest in JC & C Investments, LLC, a single member LLC, pursuant to Fla. Stat., §605.0503, and scheduled the foreclosure sale of the LLC was scheduled for January 23, 2018.

Subsequently, on December 28, 2018, also in the proceedings supplementary, Ms. Morales filed a Motion to Vacate the Judgment, alleging in part that the Deficiency Judgment was void.  On December 30, 2018, Ms. Morales  filed a Supplemental Motion to Vacate, alleging that Merfe Construction Corp. lacked standing to sue because it was not registered in Florida as a corporation.

Then, on January 6, 2018, Ms. Morales filed an independent action, *Mirtha Morales v. Merfe Construction Inc. and Merfe Construction Corp.*, Case No. 18-488 CA 10.  In that Complaint, she contends that her brother had perpetrated extrinsic fraud or committed a fraud on the court in Case No. 08-40150 CA 04, and seeks to vacate the deficiency judgment entered in Case No. 08-40150 CA 04 as well.  On February 14, 2018, Merfe filed its motion to dismiss and alternative motion for final summary judgment.

On March 20, 2009, the presiding circuit court judge in Case No. 08-40150 CA 04 entered an order denying Ms. Morales' Motion to Vacate Final Deficiency Judgment and All Subsequent Proceedings as Void for Lack of Subject Matter Jurisdiction and for Relief from Judgments." [**Consolidated Exhibit 5**].

Ms. Morales subsequently filed a Motion for Reconsideration and/or Rehearing of Order Entered March 20, 2018 Denying Defendant's Motion to Vacate.  On March 29, 2018, the presiding circuit court judge entered an Order denying that motion was well.  [Consolidated **Exhibit 5**].

On April 4, 2018, Ms. Morales filed a Notice of Appeal as to both orders, and as a result, an interlocutory appeal is now pending before the Third District Court of Appeal. Case No. 3D18-650. Ms. Morales filed her initial brief on the merits on April 8, 2018.  Merfe's answer brief is due on June 12, 2018.

Ms. Morales' membership interest in JC & C Investments, LLC is the only personal property identified to date upon which the lien on personal property created by the Judgment Lien Certificate applies. The only asset identified to date which is owned by JC & C Investments, LLC is the property located at 158 West 10 Street, in Hialeah. The Miami-Dade County Property Appraiser reflects that the 2017 market value of the 158 West 10 Street property to be $275,208.  An appraisal of the subject property requested by Merfe dated November 21, 2016, estimated the value of the property to be $360,000. [**Exhibit 6**].

-3-

Pursuant to Florida law, Merfe had a right to payment of attorneys' fees and costs incurred, and fully vested on the date her Chapter 11 proceeding was converted to Chapter 7. Florida law allows a prevailing party to recover attorneys' fees pursuant to statute or contract. *Civix Sunrise, GC, LLC v. Sunrise Road Maintenance Association, Inc., et al.*, 997 So.2d 433, 434 (Fla. 2d DCA 2008).

The promissory note stated that "in the event of a default..., and if this note is placed in the hands of any attorney for collection, the undersigned hereby agree to pay all costs of collection, including a reasonable attorneys' fee." [**Exhibit 7**]. The Deficiency Judgment also reserved jurisdiction to award Merfe additional fees and expenses it is entitled to. **Exhibit 1**, at page 3, ¶10.

Also, pursuant to Fla. Stat., 56.29(8), *Proceedings Supplementary*, "[c]osts for proceedings supplementary shall be taxed against the judgment debtor as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees." The statute also provides that "[r]easonable attorney fees may be taxed against the judgment debtor." *Id.*

The following is a breakdown of Merfe's claim from date the Deficiency Judgment was entered through May 9, 2018, the day before the Court converted Debtors' case from Chapter 11 to Chapter 7:

• Amount of Deficiency Judgment dated 8.29.11................................$460,477.58
• Minus Credits for Staggered Payments made to Merfe by Church Mortgagor. . . . ($60,002.00[1])
• Total Principal and Outstanding Interest on Deficiency Judgment
after credit for payments made by the Church Mortgagor......................$747,673.14
• Attorneys' Fees incurred in Proceedings Supplementary
(Circuit Court Case No. 08-41050CA04). ..................................$108,697.50
• Costs incurred in Proceedings Supplementary
(Circuit Court Case No. 08-41050CA04). ....................................$8,802.74
• Contractual Attorneys' Fees incurred in Appellate Case No. 3D18-650
(appeal of Orders entered in Case No. 08-40150CA04 - Flat Fee)..................$25,000
• Contractual Costs Advanced in Appellate Case No. 3D18-650.....................$1,000
• Attorneys' Fees incurred in Case No. 16-26663-AJC &
Adv. Proceeding No. 17-01120-AJC............................................$26,847
• Costs incurred in Adv. Proceeding Case No. 17-01120-AJC.......................$430
Attorneys' Fees incurred in Circuit Case No. 18-488 CA 10. ......................$2,280

---

[1]

Between October 3, 2011 and May 9, 2018, Merfe received a total of $60,002 in staggered payments from Centro Evangelistico La Roca, Inc. ("the Church'), an impleader defendant in Case No. 08-40150CA 04 in the proceedings supplementary. See **Exhibit 8** (interest calculation) attached. The exhibit sets forth the interest due on the Deficiency Judgment, after the Debtor was credited for all staggered payments Merfe received from the Church.

-4-

**TOTAL** (as of May 9, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **$920,730.38**

Interest at the prevailing rate set forth in Fla. Stat., 55.03, which was 5.72% per annum on the date of the conversion to Chapter 7. Interest was recalculated to 5.72% on April 1, 2018. Merfe has accrued, and will continue to accrue, actual attorneys fees and costs, until the Deficiency Judgment, and all amounts due thereon, are paid in full. Copies of billings statements and costs incurred are available for review.

Merfe reserves the right to further amend its Amended Proof of Claim.